Citation Nr: 1334638 
Decision Date: 10/30/13 Archive Date: 11/06/13

DOCKET NO. 05-20 989 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUE

Entitlement to a rating in excess of 10 percent for service-connected tender scar, left foot, status-post plantar wart removal with subsequent removal of painful scar tissue (also claimed as benign skin neoplasms-lesions). 


REPRESENTATION

Veteran represented by: Rebecca C. Patrick, Attorney at Law


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

L. Jeng, Counsel

INTRODUCTION

The Veteran served on active duty from February 1953 to November 1954. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a rating decision issued in May 2005 by the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina. 

In June 2006, the Veteran testified at a videoconference hearing before the undersigned Veteran's Law Judge. A transcript of the hearing is associated with the claims file. 

In September 2006 and September 2007, the Board remanded the case to the agency of original jurisdiction (AOJ) for additional development. 

In May 2008, the Board denied the Veteran's claim. The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court). In a September 2009 Order, the Court granted the parties' Joint Motion to Vacate and Remand, vacating the Board's May 2008 decision and remanding the claim for compliance with the terms of the Joint Motion to Vacate and Remand. 

In its May 2008 decision, the Board noted that, in the May 2005 rating decision, and subsequent Board remands, the service-connected disability had been characterized as entitlement to a rating in excess of 10 percent for service-connected tender scar, left foot, status-post plantar wart removal with subsequent removal of painful scar tissue (also claimed as benign skin neoplasms-lesions). The Board stated that it would continue to use this characterization for the service-connected disability because it did not restrict the original grant of service connection for the postoperative residuals of plantar wart removal, per the October 1979 rating decision. 

In March 2010, this matter was again remanded by the Board for additional development. 

Thereafter in April 2012, the Board denied the Veteran's claim. The Veteran appealed the Board's decision to the Court, which in a September 2012 Order, granted the parties' Joint Motion for Vacatur and Remand, vacating the Board's April 2012 decision and remanding the claim for compliance with the terms of the Joint Motion. 

The Board notes that, in addition to the paper claims file, there is a Virtual VA electronic claims file associated with the Veteran's claim. The Board has reviewed the documents in both the paper claims file and the electronic claims.

The appeal is REMANDED to the Department of Veterans Affairs Regional Office. VA will notify the Veteran if further action is required.


REMAND

In the September 2012 Order, the Court granted a Joint Motion for Vacatur and Remand in which the parties agreed that the issue of entitlement to a rating in excess of 10 percent for service-connected tender scar, left foot, status-post plantar wart removal with subsequent removal of painful scar tissue (also claimed as benign skin neoplasms-lesions) should be remanded. 

As noted by the parties, the Board failed to ensure compliance with the September 2009 Joint Motion to Vacate and Remand, as well as its September 2006, September 2007, and March 2010 remands. Specifically, the parties noted that the Board did not ensure compliance with the terms of the previous remand orders in which it ordered that an examination be performed by an appropriate specialist, that being a medical doctor with an appropriate specialty. 

Based on the foregoing, and consistent with the Court's September 2009 and September 2012 Orders, the Board finds that the Veteran should be provided an appropriate VA examination in order to address the issues set out in the September 2009 and September 2012 Court Oder and Joint Motions for Vacatur and Remand, and to determine the current severity of the Veteran's service-connected tender scar, left foot, status-post plantar wart removal with subsequent removal of painful scar tissue (also claimed as benign skin neoplasms-lesions). See Stegall v. West, 11 Vet. App. 268, 271 (1998) (noting that where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance).

Accordingly, the case is REMANDED for the following actions:

1. A VA examination by a medical doctor with an appropriate medical specialty (i.e. a podiatrist or orthopedist) should be arranged to ascertain the current severity of the Veteran's tender scar of the left foot. The claims folder, to include a copy of this remand, should be made available for review by the examiner, and the examiner should indicate in the report that the file was reviewed. The examiner's specialty must be clearly annotated on the examination report. 

All necessary tests and studies should be conducted in order to assess the current severity of the service-connected tender scar and its functional effect on the Veteran's walking ability. If the service-connected scar does affect his functional walking ability then the examiner should so state, and should conduct range of motion studies with specific requirements expressed in degrees. Additionally, the examiner should comment on the symptoms as assessed under the rating criteria for scars under 38 C.F.R. § 4.118, Diagnostic Codes 7800 to 7805, i.e., the location, depth, and size of the scar and any resultant limitations of motion. 

Following a comprehensive review of the record and findings on examination, the examiner should discuss all relevant medical evidence and findings regarding the service-connected tender scar of his left foot as opposed to any other nonservice-connected disorders, specifically the Veteran's degenerative joint disease and pain in his knees. If the examiner is unable to separate the symptomology related to the Veteran's service-connected tender scar of his left foot from other nonservice-connected disorders, the examiner should so indicate in the report. 

The examiner's opinion should also address all functional limitations associated with the Veteran's tender scar, to include precipitating and aggravating factors, treatment for relief of pain, functional restrictions from pain on motion, the effect the disability has upon daily activities, and the degree of functional loss due to pain, fatigability, weakness, and incoordination. 

The examiner is also directed to address all inquires in the Veteran's attorney's questionnaire, Exhibit 4F, from a January 16, 2010, submission. 

The examiner should reconcile all contradictory evidence of record. 

2. The Veteran must be given adequate notice of the date and place of any requested examination. A copy of all notifications must be associated with the claims file. The Veteran is to be advised that failure to report for a scheduled VA examination without good cause may have adverse effects on his claim. 38 C.F.R. 
§ 3.655 (2013).

3. After completing the above actions and any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, the Veteran's increased rating claim should be readjudicated, to include additional evidence received since the February 2011 supplemental statement of the case. If the claim remains denied, the Veteran and his attorney should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



_________________________________________________
C. TRUEBA
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).